## WILLEKE v NEUENSCHWANDER

Ohio Appeals, 3rd Dist, Putnam Co

Decided March 26, 1937

Foster E. King, Kenton, for appellee.
O. James Steele, Ottawa, and R. S. Steiner, Lima, for appellant.

## OPINION

By THE COURT:

1. Under the provisions of §8449, GC, the plaintiff purchaser, Ralph Willeke, appellee, had the right to elect either to ac-

cept or keep the horses and maintain an action against the defendant seller, Walter Neuenschwander, appellant, for damages for the breach of warranty, in which event the measure of damages would be the loss directly and naturally resulting in the ordinary course of events from the breach of warranty; or to rescind the sale and return the horses or offer to return them to the seller and recover the price which has been paid; and an election to avail himself of either remedy would operate as a bar to the other.

In his petition the plaintiff alleges facts showing a sale of the horses to him by the defendant and the warranty that the horses were sound and that one was of the age of four years and the other one was of the age of five years, and reliance upon this warranty; and that one of the horses did not conform to the warranty in that it was unsound at the time of sale and that both horses did not conform to the warranty in that they were older than warranted. There is no allegation of any facts of injury to or damage of the plaintiff by reason of the claimed breach of warranty, but in the petition the plaintiff alleges an expenditure of $10 for medical services in caring for one of the horses, the expenditure of $3 for trucking the horses to his farm, and that the care, feed and attention of the horses since sale is reasonably worth the sum of 75 cents per day. In the prayer of the petition plaintiff asks "damages against the defendant for the sum of $289, his damages so sustained as aforesaid." The sum of $289 is the amount of the alleged purchase price of the horses, plus $10 for medical services and plus $3 expended for trucking, which would be the measure of damages in case the plaintiff had rescinded the sale, and as an incident to such rescission had returned the horses or offered to return them to the seller. It is not alleged in the petition that the plaintiff rescinded the sale or that he returned the horses or offered to return them to the seller.

The petition therefore does not state a cause of action for damages for the breach of warranty through failure ██ to allege facts showing that damages were sustained, and does not state a cause of action for recovery of the purchase price which had been paid, by reason of failure to allege rescis-

sion of the contract and the return of the horses or offer to return them to the seller. Bessemer Ice Delivery Co. v Brannen, 138 Ala., 157, 35 So., 56. And the petition not stating facts constituting ██ a cause of action does not constitute an election of remedies.

As the petition does not state facts constituting a cause of action, the court erred in overruling defendant's objection to the introduction of evidence on the petition.

However, as it appears from the evidence that the petition can be so amended as to establish a cause of action against the seller for damages for breach ██ of warranty, and the plaintiff has not precluded himself by election from amending the same to state such a cause of action, final judgment will not be entered in favor of the appellee on this ground, but the judgment will be reversed and the cause remanded for amendment of pleadings, a new trial and further proceedings according to law. 3 Am. Jur., 704.

2. From the defendant's evidence in this cause, which was admitted without objection, it appears that the defendant had a meritorious defense to the action by way of limitation on the warranty of a claimed seven day sale on approval and the application for leave to amend by ██ pleading such defense having been timely made, the ruling of the court refusing leave to defendant to amend his answer setting forth such defense was therefore both erroneous and prejudicial.

In view of the application of defendant for leave to amend, the failure of the court to include in its charge an instruction on the issue appearing in the evidence, to plead which the defendant had asked leave to amend his answer, was erroneous and prejudicial in that it deprived defendant of a defense to the action based on evidence submitted.

For the reasons mentioned, the judgment of the Common Pleas Court will be reversed at the costs of the appellee and the cause remanded for new trial and further proceedings according to law.

Judgment reversed and cause remanded.

GUERNSEY, PJ, CROW and KLINGER, JJ., concur.