**SPAYD BROTHERS v BLACK-CLAWSON CO**

Ohio Appeals, 1st Dist, Butler Co

No 718. Decided May 31, 1937

Shank & Shank, Hamilton, for appellee.
Williams, Sohngen, Fitton & Pierce, Hamilton, for appellant.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Butler County, Ohio.

The action was on an account in the short form. The petition, as such, is defective, however, in that such account is not made a part of the pleading by the use of appropriate words of incorporation. **Buffalo Forge Co v Cleveland Steam Fitting & Supply Co., 82 Oh St 199; 1 O. Jur. 183, 184.**

However, in considering motions to arrest and non obstante, it is necessary also to consider the evidence as well as the pleadings. §11601 GC.

The petition alleges that there is due from the defendant "on an account for machinery sold and delivered, consisting of one (1) forty-two inch stove jointing machine and one (1) thirty-four inch Crozing Machine, on the 28th day of June, 1928, by plaintiff, * * * for the sum of Three Thousand Four Hundred and Fifty Dollars ($3450.00).

No demurrer was filed to this petition, and counsel for the defendant treated the action as one upon an account and still now vigorously insists it is such, though inapplicable to the evidence.

The answer denies that the machinery was sold the defendant or purchased by it, and denies any amount due.

The trial developed into a contest between the parties as to whether or not there was a sale of the machinery mentioned. and what were the terms of the sale.

In an action based upon the unpaid purchase price of property to have been sold, it is necessary for the **Headnote 2.** plaintiff to prove either an express contract by which title to specific property with or without possession is transferred from the seller to the buyer conditionally or otherwise. and that the buyer has agreed to pay a certain sum therefor, and that such sum is due and unpaid, or that the title to certain property has been transferred by the buyer to the seller under such circumstances as to raise a presumption that the buyer is obligated to pay the reasonable value thereof.

Part of the evidence in this case seems to apply to the first of these alternative positions and some of the evidence points to the latter conception of the transaction.

The petition is silent as to which theory constitutes the basis of the action.

A review of the record causes us to conclude that the subject-matter of the action did not present a proper case for an action on an account.

The plaintiff sold practically all of its machinery and patents to the defendant, and embodied the transfer of title in a contract of sale under date of June 14, 1928. The two machines in question were not included in this sale. Later on, all such machinery, including the two machines in question, was delivered to the defendant. Previously, it had contracted away its sales rights in such machinery, and this contract later was acquired by the vice-president and general manager of the defendant, Homer Martindale, who has consistently tried to sell the two machines in question. They were delivered to prospective customers, but never accepted. The plaintiff attempts to establish an outright sale of this machinery to the defendant by circumstantial evidence. The evidence is in dispute as to many of these circumstances.

Our conclusion is that there are as many circumstances indicating no sale as those tending to show a sale was made. The evidence falls far short of that which would justify reasonable minds in concluding any sale had taken place and that plaintiff had proved the elements of sale hereinbefore noted. The jury must have been hopelessly mystified by the mass of incompetent and irrelevant evidence presented to them.

One outstanding consideration is most forceful in helping us reach this conclusion. All the other property acquired by defendant from the plaintiff was carefully covered by a specific contract. It is true that at the time of transfer the machinery covered by the contract was under patent, and that the patents for the machines in question were later acquired and transferred to the defendant. The parties are in violent dispute as to what was said when the two machines in question were included with the shipment of the machinery covered by the contract and delivered to the defendant.

It is our conclusion that, extending to the plaintiff the greatest liberality in considering his pleadings, giving full weight to all the evidence, competent and incompetent, relevant and irrelevant, admitted by the court, that the plaintiff has wholly failed either to show an unpaid account

due it from defendant, or a sale of the machines in question to the defendant.

The evidence might justify a conclusion that if and when the machines in question are sold by Homer Martindale, a right exists in the plaintiff to have an accounting of such sales. It would appear that such situation would be governed by the terms of the contract applicable thereto.

The judgment of the Court of Common Pleas is reversed, and it is unquestionably required that this at least should be done, although the writer feels that judgment should also here be entered, the cause is remanded to the Court of Common Pleas of Butler County for further proceedings according to law.

HAMILTON and MATTHEWS, JJ, concur.