THE J. & F. HARIG CO., APPELLEE, *v.* CITY OF CINCINNATI, APPELLANT.

(Decided December 19, 1938.)

*Mr. Charles H. Elston* and *Mr. Edwin G. Becker,* for appellee.

*Mr. John D. Ellis* and *Mr. Henry M. Bruestle,* for appellant.

Ross, P. J. This case is now presented upon an appeal of the defendant from the refusal of the trial

court to grant what is claimed to be a motion for judgment notwithstanding the verdict, and a motion for judgment on the pleadings. The case was formerly before the court upon the appeal of the plaintiff from an order of the trial court granting a new trial. This court then dismissed the appeal upon the ground that there was presented no final order for review. No trial in the Court of Common Pleas has intervened since this latter proceeding upon review. The instant proceeding, therefore, still involves this motion, which is claimed to be a demand for judgment notwithstanding the verdict, although the verdict has been set aside and vacated by the trial court and a new trial granted. If there was error in vacating the verdict it can not be here reviewed.

Motion for instructed verdict was made by the defendant and overruled, but no notice of appeal, as hereinafter indicated, was filed in time to present this question of error to this court. *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh, Admx.,* 131 Ohio St., 405, 3 N. E. (2d), 355.

No order was entered overruling the motion for judgment notwithstanding the verdict until after the case had been returned to the Court of Common Pleas after the first review, and the mandate of this court dismissing the appeal entered therein.

It was at that time the defendant filed a motion for judgment on the pleadings after having amended its answer and cross-petition.

The original motion *non. obstante* and the motion for judgment on the pleadings were then overruled on June 29, 1938, and notice of appeal directed to each was filed within twenty days from the overruling of such motions.

The first of these motions is in the following terms: "Now comes the defendant and moves the court to enter judgment for the defendant notwithstanding the verdict heretofore rendered herein for the reason that

the pleadings herein do not state any grounds in law for the recovery of a judgment by the plaintiff against the defendant.''

This motion was made, it is to be remembered, before · the verdict had been vacated and a new trial granted and before the pleadings had been amended. It was filed concurrently with the motion for a new trial which was granted some months later.

The second motion is as follows:

''Now comes the defendant, city of Cincinnati, and moves the court for an entry of judgment in favor of said defendant upon the pleadings in this case, exclusive of the cross-petition of said defendant.''

This motion, it will be noted, was filed after the motion for a new trial had been granted and the verdict vacated.

Just what is the effect of excluding the cross-petition and its admissions, if any, from consideration of the court, it is unnecessary to consider. It appears to be little more than a demurrer to the petition. In any event action upon same cannot be considered as a final order and the appeal from the order overruling same is dismissed. *Conway* v. *Gooden Bros.*, 15 Ohio Law Abs., 397.

Directing our attention now to the action of the court upon the first motion, we consider that this motion was nothing more than a motion for judgment upon the pleadings. It is the text of a motion, not its name or designation, which controls. *Wagner* v. *Long*, 133 Ohio St., 41, 47, 11 N. E. (2d), 247. Action by the court in simply overruling such motion and not entering judgment is not therefore a final order. *Conway* v. *Gooden Bros., supra.*

But there is a further consideration which precludes review of the action of the court upon this motion. The defendant has abandoned the position taken upon the pleadings, by amending its own pleadings, to which the motion was originally addressed. The defendant

can not blow hot and cold. It cannot say that upon the pleadings, upon which trial was had, it is entitled to judgment and then recognize their deficiency, amend them, and ask for judgment. At least the defendant cannot predicate an appeal at this time upon the action of the court thereon. The defendant contends that, although its motion *non obstante,* so-called, is in terms a motion for judgment on the pleadings, it must be considered to include a demurrer to the evidence, because under Section 11601, as' amended, it appears now impossible to confine such a motion to the pleadings alone, as the motion in question was so confined. *Spayd Bros.* v. *Black-Clawson Co.,* 24 Ohio Law Abs., 584; *Willeke* v. *Neuenschwander,* 55 Ohio App., 527, 9 N. E. (2d), 1018. We know' of no principle of law or logic which requires a court to consider a motion as one which might or should have been filed, but which by its' terms is manifestly not such a motion. While it is true that a reviewing court will always consider the question as to whether the petition states a cause of action if such question is properly presented, the case must be before such reviewing court by appropriate action giving it jurisdiction on appeal. The case has' not been presented so as to give this court such jurisdiction on review.

The defendant could have presented easily the question of its right to an instructed verdict as indicated in *Cincinnati Goodwill Industries* v. *Neuerman,* 130 Ohio St., 334, 199 N. E., 178; *Murphy* v. *Pittsburgh Plate Glass Co.,* 132 Ohio St., 68, 4 N. E. (2d), 983.

In *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh, Admx., supra,* the first, third, and fourth paragraphs of the syllabus read:

"1. Where a trial court has overruled motions of a defendant for a directed verdict in its favor, the time of beginning proceedings in error begins to run, not from the date of such overruling, but from the date of

the entry of the final order or judgment disposing of the case."

"3. A defendant whose motion for a directed verdict in his favor has been overruled by the trial court and who claims that he is entitled to judgment as a matter of law, has a right, if the legal question has been decided against him, to submit his cause to the jury on factual issues in the hope of securing a successful verdict.

"4. The fact that a party elected to and was successful in obtaining a new trial does not deprive him of the right to ask for final judgment upon his motion for a directed verdict. (*Chris Holl Hardware Co.* v. *Logan Brick Supply Co.*, 84 Ohio St., 455; *Hocking Valley Mining Co.* v. *Hunter*, 130 Ohio St., 333; *Cincinnati Goodwill Industries* v. *Neuerman*, 130 Ohio St., 334, approved and followed.)"

This case was predicated upon the practice in force prior to the effective date of the new Appellate Procedure Act, January 1, 1936. If this case and those following it can be considered as holding, under our present practice, that the twenty days for filing a notice of appeal begins to run from the time a new trial is granted, thus considering such action as a final disposition of the case in the trial court, the appellant cannot now raise the question of its right to a directed verdict, since no notice of appeal was filed by the present appellant within twenty days from the granting of the motion for a new trial.

Nothing which occurred in the trial court as we have indicated, subsequent to the granting of a new trial, could be considered as a final disposition of the case within the scope of the authorities last noted.

Another consideration involving the entire case impels us to state a position which also disposes of the entire matter and requires a dismissal of the appeal. As previously stated, the only motion, the disposition of which by the trial court might be considered upon

review, is the motion *non obstante,* filed concurrently with the motion for a new trial. Now the defendant, when it presented these dual motions (and for the purpose of this consideration, we may extend to the motion styled *non obstante* its fullest value including a demurrer to the evidence) in effect stated to the court that first, it was entitled to judgment notwithstanding the fact that it had consented to submit the case to the jury and there had been an adverse verdict, and then if the court disagreed with this contention, it was entitled to a new trial. Obviously when the court granted the new trial, it inferentially refused the preliminary motion *non obstante.* The continuance of a right to have the court pass upon the motion *non obstante* after granting the new trial is so illogical as to justify the conclusion that although refusal to grant such motion was not then and there journalized, the action of the court was none the less a definite refusal to grant such motion, and could have been so considered on review. *Harker* v. *Smith, Exr.,* 6 Am. L. Rec., 564, 5 Dec. Rep., 560.

Under Section 11601, General Code, the court now has full authority to enter judgment after verdict upon a motion for an instructed verdict. *Wheeling & Lake Erie Ry. Co.* v. *Richter,* 131 Ohio St., 433, 3 N. E. (2d), 408. Such being the case, the time for filing a notice of appeal attacking the failure of the court to grant the motion *non obstante* and its definite refusal thereof, by granting a new trial, ran from the granting of the motion for a new trial, and the notice here involved having been filed long after such period of limitation, the appeal must fail for this reason. We are sustained in our conclusion by the case of *Wagner* v. *Long, supra.*

Furthermore, the motion *non obstante* as now existent under Section 11601, General Code, is in effect nothing more than an iteration of the motion for judgment or an instructed verdict, filed at the conclu-

sion of the case. It certainly differs not one whit in effect from the motion for instructed verdict. That a verdict has intervened is inconsequential.

Now it has been frequently held that refiling a motion will not extend the time for notice of appeal when the second motion is of the same effect and for the same purpose as the first.

When the motion involves merely an iteration of a legal right fully preserved by previous action, it becomes superfluous and unnecessary and the principle announced in *State, ex rel. Longman,* v. *Welsh,* 133 Ohio St., 244, 13 N. E. (2d), 119, applies. The action on the superfluous motion being unavailing to toll the limitation provided for the notice of appeal, the appeal is dismissed.

*Appeal dismissed.*

HAMILTON and MATTHEWS, JJ., concur.