OPINION
This appeal stems from a negligence action filed in the Belmont County Court of Common Pleas. William Wilson ("Appellant") sustained an injury during a softball game sponsored by the Lafferty Volunteer Fire Department ("Appellee"). Appellant alleges that the second base bag was not properly filled with foam filler and that he severely injured his knee when he stepped on the base during the game. Appellant appeals from the decision to grant summary judgment to Appellee. Based on the doctrine of primary assumption of the risk, we affirm the judgment of the trial court.
On or about May 25-26, 1996, Appellant participated in a softball tournament sponsored by Appellee. Appellant labeled himself as a "fairly good softball player." (Nov. 20, 1997 Wilson Depo. 45). The game was played in Lafferty City Park. During a game held on May 26, 1996, Appellant stepped on second base while running to third base. Appellant twisted his left leg, causing injury to his leg and knee.
Appellee is a nonprofit voluntary association providing fire and emergency services within Wheeling Township in Belmont County, Ohio.
On January 27, 1997, Appellant filed a negligence complaint in the Belmont County Court of Common Pleas. This action was voluntarily dismissed pursuant to Civ.R. 41(A) on November 4, 1998, and refiled on November 3, 1999. Appellee filed a motion for summary judgment on June 13, 2000, arguing that the doctrine of primary assumption of the risk constituted a complete defense to the complaint. Appellant responded to the motion on July 24, 2000, but did not provide or point to any evidentiary materials described in Civ.R. 56(C) to indicate that there was a genuine issue for trial. Appellee's motion was granted on July 24, 2000. The July 24, 2000 journal entry fully disposed of the only issue remaining in this case and constitutes a final appealable order under R.C. § 2505.02. On August 11, 2000, Appellant filed this timely appeal.
Appellant's two assignments of error both allege that summary judgment was inappropriate and will be treated as one assignment of error for purposes of our analysis:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT [SIC] WHEN A DISPUTED ISSUE OF FACT EXISTED AS TO WHETHER OR NOT THE DEFENDANT-APPELLEE WAS ENTITLED TO JUDGEMENT [SIC] AS A MATTER OF LAW ON THE THEORY OF PRIMARY ASSUMPTION OF THE RISK.
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING DEFENDANT'SMOTION FOR SUMMARY JUDGEMENT [SIC] WHEN A DISPUTED ISSUE OF FACT EXISTEDAS TO WHETHER OR NOT THE DEFENDANT-APPELLEE WAS ENTITLED TO JUDGEMENT[SIC] AS A MATTER OF LAW ON THE THEORY OF IMPLIED ASSUMPTION OF THERISK."
Assumption of the risk has been defined as: (1) consent or acquiescence in (2) an appreciated or known (3) risk. Anderson v. Ceccardi (1983),6 Ohio St.3d 110, 112. Appellant argues that, in general, the defense of assumption of the risk is not a complete bar to recovery in a negligence action and that the defense should be presented to the jury in their determination of the comparative negligence of all the parties. Id. at 113; see R.C. § 2315.19.
Appellant argues that two types of assumption of the risk continue to present a complete defense to a negligence action: primary assumption of the risk and express assumption of the risk. Express assumption of the risk occurs when a person expressly contracts with another not to sue for any future injuries caused by the negligence of that second person. Id. at 114. Appellee has not raised the defense of express assumption of the risk and it is not relevant to this matter.
Primary assumption of the risk is the doctrine that a defendant has no duty to protect against certain risks that are so inherent in an activity that those risks cannot be eliminated. Id.; see, also, Collier v.Northland Swim Club (1987), 35 Ohio App.3d 35, 37. Primary assumption of the risk, "concerns cases where there is a lack of duty owed by the defendant to the plaintiff. This type of assumption of risk is typified by the baseball cases where a plaintiff is injured when a baseball is hit into the stands." Anderson, supra, at 114, citing Cincinnati Base BallClub Co. v. Eno (1925), 112 Ohio St. 175; see, also, Ivory v. CincinnatiBaseball Club Co. (1939), 62 Ohio App. 514.
Appellant argues that he was injured by a defective base on the playing field of a softball game. He claims that a defective base is not the type of inherently dangerous risk that the doctrine of primary assumption of the risk is meant to defend against. Appellant points to the case ofRoeckner v. Pence Drag Strip, Inc. (1965), 10 Ohio App.2d 20, to illustrate the difference between inherent risks and abnormal risks of a recreational activity. In Roeckner, the driver of a drag-strip automobile sued the owner of a drag strip for leaving rolls of fence wire along the edge of the track. The driver hit one of the rolls of wire, which tore open his gas tank and caused an explosion. The court held that it was a question for the jury to decide whether the rolls of wire constituted an ordinary risk incident to the sport of racing. Id. at 23. Appellant contends that, pursuant to Roeckner, the jury should decide whether a defective base is a risk inherent to the sport of softball. Based on the record herein, however, Appellant's assignment of error is without merit.
An appellate court reviews de novo a trial court's decision to grant summary judgment. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The reviewing court applies the same standard as the trial court, found in Civ.R. 56(C), to determine that: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327; Welco Indus., Inc. v. Applies Cos. (1993),67 Ohio St.3d 344, 346.
Summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essential elements of its claim. Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of syllabus, limited by Dresher v. Burt (1996), 75 Ohio St.3d 280, 285. Neither the reviewing court nor the trial court, "may weigh the proof or choose among reasonable inferences in deciding whether summary judgment should be granted." Perez v. Scripps-Howard Broadcasting Co. (1988),35 Ohio St.3d 215, 218.
The movant bears the initial burden of informing the trial court of the basis for its motion and must identify the parts of the record that tend to show that no genuine issue of material fact exists as to the essential elements of the opposing party's claim. Dresher at 293. Once this initial burden is met, the party opposing the motion has the reciprocal burden to raise specific facts that demonstrate that a genuine issue exists for trial. Where the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which it has the ultimate burden of proof, summary judgment is appropriate. Celotex Corp. v.Catrett (1986), 477 U.S. 317, 324.
Ordinarily, under the doctrine of primary assumption of the risk, a recreation or sports provider owes no duty to a participant in or spectator of a sporting event to eliminate the risks inherent in the sport. Gallagher v. Cleveland Browns Football Co. (1996), 74 Ohio St.3d 427,432. "Where individuals engage in recreational or sports activity, they assume the ordinary risks of the activity * * *." Marchetti v. Kalish
(1990), 53 Ohio St.3d 95, 100. The Marchetti Court held that, "before a party may proceed with a cause of action involving injury resulting from a recreational or sports activity, reckless or intentional conduct must exist." Id. at 99-100. Marchetti announced that the standard of liability is the same whether the activity was organized or unorganized, supervised or unsupervised, or engaged in by children or adults. Id. at 98. Marchetti attempted to strike a balance between genuine safety concerns, on the one hand, and encouraging vigorous and free participation in sports activities, on the other. Id. at 99.
Although Marchetti dealt with the liability of co- participants in recreational activities, the holding has been extended to alleviate liability for non-participants as well, including owners, operators and sponsors of recreational and sporting events. Kline v. OID Assoc., Inc. (1992), 80 Ohio App.3d 393, 395; Shaner v. Smoot (October 12, 2001), Carroll App. No. 712, unreported.
The application of the doctrine of primary assumption of the risk involves a basic determination as to whether the defendant owed the plaintiff a duty of care. It is well established that the existence of a duty is a question of law for the court to decide on a case-by-case basis. Grover v. Eli Lilly Co. (1992), 63 Ohio St.3d 756, 762.
Appellee supported its motion for summary judgment with an affidavit of Jerry Hawthorne, the tournament director of the annual Lafferty Volunteer Fire Department softball tournament. Appellant also cited to the November 20, 1997, deposition of Appellant which had previously been made a part of the record. Appellee's motion asserted that: Appellant voluntarily participated in the tournament; Appellant was an experienced athlete and softball player; Appellant was aware of the risks inherent in playing softball, including the risks of running between the bases and stepping on the bases; Appellant was injured while stepping on second base during a game; and Appellee did not own the softball field or the base in question. Appellee's motion successfully raised the defense of primary assumption of the risk by asserting that Appellant's injury was due to an ordinary risk of playing softball.
Appellant did not provide or point to any specific evidentiary materials to respond to Appellee's motion. Therefore, summary judgment may be granted to Appellee if otherwise appropriate. Civ.R. 56(E).
It appears from the record that summary judgment is appropriate in this matter. Appellant's complaint alleges that he, "stepped on second base of the softball diamond, which base gave way and broke, injuring Plaintiff." (Nov. 3, 1999 Complaint, p. 3). The game of softball involves running over, stepping on and sliding into the base, which carries with it an inherent risk of injury even under the best of conditions. Appellant has not provided any evidence that a base must conform to a certain standard as part of the normal enjoyment of the game. Appellant has not alleged that Appellee recklessly or intentionally caused his injury. Even if Appellant could have proven that the base was defective, he would also have needed to demonstrate that defective bases were not an ordinary, customary, or accepted part of the sport. Appellant has not met his minimal burden of proof as to any of these issues.
Appellant's reliance on Roeckner is also misplaced. Roeckner was decided long before the Marchetti case, and it is not clear whether the outcome would have been the same in light of Marchetti. Furthermore,Roeckner appears to be dealing with implied assumption of the risk, which typically is a jury question, rather than primary assumption of the risk, which is a question of law for the court. The plaintiff inRoeckner presented evidence sufficient to overcome a directed verdict.Id. at 24. Appellant, on the other hand, has failed to specifically raise or point to any evidence to overcome Appellee's defenses.
To overcome summary judgment, the nonmovant must raise specific facts in the record supporting the elements it must prove at trial. Dresher,supra, 75 Ohio St.3d at 293. Appellant has pointed to no specific facts from which a reasonable jury could conclude that an underfilled base is so unusual in the sport of softball that failure to warn about it or replace it would constitute reckless or intentional harm.
We find that reasonable minds could only conclude that Appellant was injured in the course of the ordinary risks of playing softball, and that primary assumption of the risk bars him from recovering in a negligence action against Appellee. We overrule Appellant's first assignment of error. Appellant's second assignment of error is rendered moot by our application of the doctrine of primary assumption of the risk.
For the foregoing reasons, we affirm the judgment of the trial court in granting summary judgment to Appellee.
Donofrio, J., concurs.
DeGenaro, J., concurs.