OPINION
Appellant Helen Kildow appeals the decision of the Court of Common Pleas, Muskingum County, which denied her claim for damages brought against Appellees Hometown Improvements, Inc., et al., pursuant to the Ohio Consumer Sales Practices Act ("CSPA") and Homes Sales Solicitation Act ("HSSA"). The relevant facts leading to this appeal are as follows.
Appellant is a retired schoolteacher and homeowner in Roseville, Ohio. In July 2000, appellant received a telephone solicitation call from Hometown Improvements regarding installation of new siding. As a result of the call, salesperson Jeff Krukenberg made a sales visit to appellant's home. Appellant thereupon entered into a sales agreement with Hometown, which she later sought to rescind. In a complaint filed October 10, 2000, appellant asserted both claims of breach of contract and alleged CSPA and HSSA violations. Appellees duly answered, following which appellant filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C)
On August 8, 2001, the trial court denied appellant's motion for judgment on the pleadings, holding that appellant's exercise of her right to rescind barred her claim of damages under CSPA.
Appellant, on October 9, 2001, dismissed without prejudice "all claims in [the trial court's] decision on plaintiff's motion for judgment on the pleadings," citing Civ.R. 41(A)(1). On November 8, 2001, appellant filed a notice of appeal of the August 8, 2001 judgment entry. She herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT PLAINTIFF'S CANCELLATION OF A HOME SOLICITATION SALE CONTRACT AS ALLOWED BY R.C. § 1345.23 BARRED HER FROM SUING FOR DAMAGES FOR THE SELLER'S VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO AWARD PLAINTIFF JUDGMENT ON THE PLEADINGS AS TO THE CONSUMER SALE (SIC) PRACTICES ACT CLAIMS ASSERTED THEREIN.
 I, II
Before reaching the potential merits of appellant's arguments, it is necessary that we consider the appealability of the trial court's denial of the appellant's motion for judgment on the pleadings.
In Boop v. Dunlap Family Physicians (June 12, 2000), Stark App. No. 1999CA00336, an appeal by the plaintiff in a multiple-defendant medical malpractice action, we held that following a trial court's granting of one defendant's motion for summary judgment, even though said judgment entry did not contain the Civ.R. 54(B) magic words "no just cause for delay," a subsequent voluntary dismissal by the plaintiff-appellant of the remaining parties rendered the entry a final appealable order. Id., citing Denham v. City of New Carlisle (1999), 86 Ohio St.3d 594,716 N.E.2d 184. In Denham, the issue before Ohio Supreme Court was "* * * whether a decision of a trial court granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)." Id. at 595,716 N.E.2d 184, 185. The Court answered that query in the affirmative. Id. at 597.
In the case sub judice, as in Boop, supra, the trial court's judgment entry of August 8, 2001, contains no Civ.R. 54(B) language. Appellant herein similarly contends that her Civ.R. 41(A)(1) notice of dismissal of October 9, 2001, essentially converted into a final appealable order the August 8, 2001 judgment entry denying her motion for judgment on the pleadings. Furthermore, argues appellant, her notice of appeal fell within thirty days of October 9, 2001, the day the judgment entry "became a final order under Rule 54." Appellant's Brief at 2. However, we observe that Denham dealt with a plaintiff's dismissal of parties, as opposed to dismissal of claims. In the case sub judice, in appellant's Civ.R. 41(A)(1) notice, she "* * * gives notice that she dismisses as to all parties without prejudice all claims not adjudicated in this Court's decision on plaintiff's motion for judgment on the pleadings * * *."
In Borchers v. Winzeler Excavating Co. (Apr. 10, 1992), Montgomery App. No. 13297, 1992 WL 82681, the Second District Court concluded: "In our view, Civ.R. 41(A)(1) creates a mechanism whereby a plaintiff may voluntarily dismiss his entire action, without prejudice. It does not provide for the dismissal, without prejudice, of part of a cause of action. To do so would permit piecemeal litigation and piecemeal appeals, which are disfavored in the law." Amending a complaint pursuant to Civ.R. 15(A) is the proper procedure to dismiss claims in a multi-count complaint. Reagan v. Ranger Transp., Inc. (1995),104 Ohio App.3d 15, 18, 660 N.E.2d 1234, citing Serotko v. State FarmFire Cas. Co. (Sept. 9, 1994), Trumbull App. No. 94-T-5045, unreported, at 4.
We therefore hold that appellant's attempt to dismiss the remaining contract claims via Civ.R. 41(A)(1) was a nullity; hence said claims remain unadjudicated. An order of a court is final and appealable only if the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, are met. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. Therefore, in the absence of a determination by the trial court that there is no just reason for delay, we conclude the August 8, 2001 judgment entry denying appellant's motion for judgment on the pleadings is not a final appealable order.
We thus do not reach the subsequent issue of whether a decision by a trial court overruling a motion for judgment on the pleadings generally lacks the status of a final appealable order. Cf. Harig Co. v. City ofCincinnati (1938), 61 Ohio App. 314, 22 N.E.2d 540.
For the reasons stated in the foregoing opinion, the appeal of the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby dismissed.
By: WISE, J. GWIN, J., concurs. HOFFMAN, P.J., concurs. separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Muskingum County, Ohio, is dismissed.
Costs are assessed to appellant.