DILLON, APPELLANT, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S
COMPENSATION, ET AL., APPELLEES.

(No. 343—Decided January 11, 1962.)

*Mr. Leander P. Zwick, Jr.,* and *Mr. Richard N. Larrimer,*
for appellant.

*Mr. Mark McElroy,* attorney general, *Mr. Alvin C. Vinopal*
and *Mr. Thomas J. Zuber,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a
judgment of the Court of Common Pleas of Fayette County.
The cause originated by way of an appeal from a decision of the
Industrial Commission of Ohio denying the plaintiff-appellant,
Myrtle Dillon, the right to participate in benefits provided by
the Workmen's Compensation Act for an injury which she al-
legedly sustained in the course of and arising out of her em-
ployment with the Jackson Glove Manufacturing Company. The
matter came on for trial on February 20, 1961. At the conclu-
sion of the evidence, a motion by the defendant for a directed
verdict was overruled, and the case was presented to the jury
pursuant to the instructions of the trial court.

After approximately eight hours of deliberation, the jurors
announced that they were unable to agree upon a verdict, where-
upon they were discharged from further consideration of the
case.

Thereafter, the defendant filed a motion for judgment notwithstanding the failure of the jury to reach a verdict under the authority of Section 2323.18, Revised Code. The motion was sustained by the trial court, and this appeal is from that judgment.

An appropriate discussion of the issue raised by a motion for judgment notwithstanding the verdict may be found in the case of *Kenny* v. *Metropolitan Life Ins. Co.*, 82 Ohio App., 51, at page 55, where the court states:

"Now what is the issue on a motion for judgment notwithstanding the verdict? It is manifest that it raises the same issue as a motion for a directed verdict made at the close of all the evidence. It is said in *J. & F. Harig Co.* v. *City of Cincinnati*, 61 Ohio App., 314, 22 N. E. (2d), 540, that it is nothing more than an iteration of that motion. And a motion for a directed verdict is 'in the nature of a demurrer to the evidence' and 'involves, for its purposes, an admission or assumption of the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, as well as an admission of all the facts which the evidence proves or tends to prove or support and all reasonable inferences which a jury might draw therefrom.' 39 Ohio Jurisprudence, 799, 800.

"In other words, such a motion calls upon the court to determine the one issue of whether there is any evidence of substantial probative value in support of the adverse party's claim or defense. It poses the question of the materiality of the evidence. It does not raise any issue as to the competency of the evidence that has been received.

"Reverting to Section 11601, General Code, it will be observed that it is only when the court finds that 'upon the evidence received' the party against whom the verdict has been returned is entitled to judgment, that the court is justified in disregarding the verdict and rendering judgment for the movant. The power of the court is not made to depend on *competent* evidence, or *admissible* evidence, but upon evidence that has been *received*. It challenges the sufficiency of the foundation upon which the verdict was returned, which, of course, is all the evidence which the jury was permitted to consider.

"In *Wilkeson* v. *Erskine & Son*, 145 Ohio St., 218, 61 N. E. (2d), 201, the court had occasion to apply Section 11601, General

Code. Quoting from 39 Ohio Jurisprudence, 799 *et seq.*, the court said: 'The trial judge, in ruling upon a motion, to direct a verdict or for a nonsuit on the evidence *introduced* must not only assume the truth of the evidence in behalf of the party against whom the motion is directed, but must construe the evidence most strongly in favor of that party.' (Italics ours.) It will be observed that it is the evidence *introduced* that must be analyzed to determine whether it has any substantial probative value.''

With these observations in mind, we have carefully examined the evidence presented in this case upon each fact indispensable to the plaintiff's cause of action, and we cannot agree with the defendant that there was insufficient evidence to justify the submission of the case to a jury. Admittedly, there are inconsistencies and contradictions in the plaintiff's testimony which cast suspicion upon her case, but the trial court must, in ruling upon a motion for judgment notwithstanding the verdict, assume the truth of the evidence in behalf of the party against whom the motion is directed. The weight of the evidence is not involved upon such motion. Neither is the credibility of the witnesses.

In the present appeal, the defendant places considerable emphasis upon the fact that the plaintiff alleged in her petition and testified repeatedly at the trial that the alleged injury was sustained on February 8, 1955, whereas the company's records disclose that her last day of employment was February 4, 1955.

The trial court, however, sustained the plaintiff's motion to amend the petition at the conclusion of the evidence so that the allegation concerning the date of the injury would read ''on or about'' February 8, 1955. And regardless, the precise date of the injury, if in fact an injury was proven, was not decisive of the plaintiff's right to participate in benefits provided by the Workmen's Compensation Act. *Wills* v. *Industrial Commission*, 118 N. E. (2d), 233. In the cited case, this court, at page 234, stated ''it is common knowledge that witnesses entirely truthful may be mistaken in fixing a definite date of occurrence and yet be correct as to the happening of the event.''

We are of the opinion that the record contains evidence of sufficient probative force, when construed most favorably to the plaintiff, to require the attention of a jury. The mere fact that

there was a difference of opinion among the jurors, after almost eight hours of deliberation, suggests at least that reasonable minds can reasonably come to more than one conclusion upon the evidence presented.

The judgment of the trial court sustaining the motion for judgment notwithstanding the failure of the jury to reach a verdict must be reversed, and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

CRAWFORD, P. J., KERNS and SHERER, JJ., concur.