PARM, APPELLEE, *v.* PATTON, APPELLANT.

[Cite as Parm v. Patton, 20 Ohio App. 2d 83.]

(No. 356—Decided March 10, 1969.)

*Mr. Charles J. Tekulve,* for appellee.
*Mr. Edward J. Utz,* for appellant.

SHANNON, P. J. This appeal on questions of law is from an order of the Court of Common Pleas sustaining the motion of plaintiff, appellee herein, for a new trial.

Plaintiff was one of four passengers in a car driven by defendant, which, at about 9:30 p. m. on August 4, 1966, was approaching a single railroad track. The red warning signals were flashing, and the plaintiff testified on trial that defendant drove around another vehicle which had stopped for the train, saying as he did so, "Hell, I can make it." Defendant denies that there was a stationary car and the alleged remark, but admits that he drove his car onto the tracks where it stalled. Shortly thereafter, the car was struck by the locomotive. Plaintiff was the only person injured, being the only occupant unable to escape before the collision. Essentially, the other passengers, two of whom testified upon trial, were unable to corroborate either plaintiff's or defendant's version of the disputed facts.

The trial court overruled defense motions for a directed verdict when plaintiff rested and at the close of defendant's case on the ground that there existed "a question for the jury to decide under the proper instruction of what willful and wanton misconduct is, and whether or not the defendant is guilty of or exercised wanton and willful misconduct. * * *"

After defendant's motion at the close of all evidence, the plaintiff moved that the jury be instructed to return a verdict for plaintiff "as to the liability." Such motion was overruled, it being observed from the bench that:

"The court finds sufficient evidence here to be admitted to the jury for their determination and therefore your motion is overruled."

Special charges were submitted by both parties, accepted and read, on the issue of wanton or willful misconduct, and further instruction thereon was included in the general charge.

During the course of deliberation, the jury submitted a written request for "a definition of willful and wanton misconduct." The trial judge stated that:

"I have your question, and you have the charge, the legal definition, as prescribed by the Supreme Court of Ohio in front of you. I can give you no further definition

of the word. You will have to read it and figure it out yourselves."

Counsel for defendant then said to the judge:

"May they be instructed to read special charge number eight? That's wanton * * * number eight."

Thereafter, the jury returned a verdict for the defendant.

In granting plaintiff's motion for a new trial, the court set forth the following reasons for its actions.

(1) The verdict of the jury was against the weight of the evidence;

(2) The charge of the court to the jury on the law to be applied to the case was unclear and/or incomplete;

(3) Upon a question being submitted to the court by the jury during their deliberation the court should have called the jurors back into open court and there explained the court's position to them;

(4) Error in counsel for the defendant commenting while in the jury room and within hearing of the jury regarding the question put to the court by the jury during their deliberation.

This appeal, then, tests the sufficiency of the reasons set forth by the trial judge in compliance with Section 2321.17, Revised Code.

In order to validate the conclusion of the court below that the verdict was contrary to the weight of the evidence, we would have to find that the act of defendant in driving onto the tracks against the warning signal constituted willful or wanton misconduct, *per se*. This we cannot do because we do not conceive such to be the law in Ohio. Nor, as is apparent from the record, did the trial court so believe, because the ruling consistently was that the question of willful or wanton misconduct was one for the jury to decide. If the judge presiding over the trial was convinced that the law was otherwise than as he ruled, the motion of plaintiff that the jury be instructed that the defendant was liable should have been granted and only the issues of proximate cause and damages submitted to them.

We can find no lack of clarity or any incompleteness

in the charge taken as a whole. It is significant that *all* charges being upon the fundamental issue of willful or wanton misconduct submitted by both parties were accepted and are markedly similar. The jury was fully and correctly instructed as to the law applicable upon the evidence. Certainly, that one may disagree with the result reached does not warrant overturning it when the verdict is one clearly possible under the evidence produced and the law.

Because of the conclusions we have reached, it is unnecessary to rule upon the third and fourth reasons given for having granted plaintiff's motion, save to say that the record fails to disclose prejudice to plaintiff even assuming, which we do not, such conduct to constitute error.

The order of the Court of Common Pleas of Clermont County vacating judgment for defendant and granting plaintiff a new trial is reversed and final judgment rendered for defendant.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.