180

(No. 1314—Decided June 2, 1969.)

*Messrs. Casper & Casper,* for appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. Gerald Goldberg,* for appellant Elmer A. Keller, Administrator, Bureau of Workmen's Compensation.

HILDEBRANT, J. This cause arose when plaintiff's claim for compensation for the death of her husband, Cecil Butts,

who was the paid secretary and club manager for Middletown Lodge No. 528, Fraternal Order of Eagles, was denied by the Industrial Commission.

At a regular meeting of the lodge on October 15, 1963, while Mr. Butts was reading the minutes of the previous meeting, he slumped over and died. The cause of death set forth in the mutual exhibit death certificate is listed as coronary occlusion-sudden-generalized arterio sclerotic cardio vascular disease. The essential facts were stipulated by the parties, and the court overruled a motion for summary judgment on the part of the plaintiff and submitted the case to a jury.

The evidence at the trial consisted of the stipulations, together with the testimony of certain lodge brothers of the decedent, together with the expert medical opinion of a doctor called by the plaintiff.

The defendants offered no evidence other than mutual exhibits of the hospital records of Mercy Hospital, Hamilton, Ohio, and the death certificate.

The record shows that on July 12, 1953, decedent suffered a heart attack diagnosed as acute coronary occlusion with myocardial infarction and was hospitalized at Mercy Hospital from July 12, 1953, to August 9, 1953. At that time he was fifty-two years old. He was hospitalized again between November 5, 1953, and November 18, 1953, with final diagnosis of arteriosclerotic heart disease and coronary insufficiency. His treatment required him to take digitalis and be placed on restricted activity; for example, not being permitted to bowl.

From February 12, 1960, to February 27, 1960, he was again hospitalized with diagnosis of arteriosclerotic heart disease, coronary insufficiencies, ventricular tachycardia and coronary insufficiency.

On February 11, 1962, he was hospitalized for one day for another reason, but at the time of his discharge the hospital record read "coronary insufficiency, myocardial ischemia, auricular fibrillation," with the comment that the "auricular fibrillation has developed since the last tracing of February 22, 1960."

For a number of weeks prior to his death, the Middletown Lodge of Eagles had developed internal problems culminating in the suspension of several members. Factions had developed within the lodge, and decedent, as club secretary, was endeavoring to arbitrate their disputes. The meetings of October 1 and October 8, 1963, became very heated, and it appeared that the lodge might be divided and destroyed, and Mr. Butts became very wrought up while acting as arbitrator.

On the night of October 15, 1963, a national officer had come to Middletown to assist in solving the lodge problems. Decedent had met with some of the dissident membership at one time and the lodge trustees at another time before the regular meeting. The hour arrived for the lodge meeting to take up and decedent was required to go up forty-six steps from the first to the third floor to attend the meeting, arriving during the opening ritual. One of the lodge members testified that Mr. Butts had hurried up the stairs and appeared to be under considerable strain in that he came into the meeting breathing hard; however, another member testified that he had walked up the stairs with Mr. Butts and had ahold of his arm.

Plaintiff's medical witness, in answer to a hypothetical question, gave his opinion that there was proximate causal relationship between the events immediately prior to his death and his death, and that death was substantially accelerated by those events. The testimony discloses that at the conclusion of the opening ritual Mr. Butts commenced reading the minutes of the previous meeting when he faltered, seemingly confused, smiled, made an apologetic remark, slumped over his desk and died.

The trial court overruled motions for judgment at the end of all the evidence. The jury returned a general verdict for the defendants and answered ''no'' to the following interrogatory: ''Do you find by a preponderence of the evidence that Cecil Butts suffered an accidental occurrence during the course of his employment on October 15, 1963, which caused his death?''

Plaintiff moved for judgment *non obstante veredicto* and for a new trial.

Both motions were granted by the trial court but a new trial to be had only upon a reversal of the judgment *non obstante veredicto,* citing Section 2323.181, Revised Code.

Granting the motion *non obstante veredicto* would seem to be inconsistent with the former rulings of the court refusing a summary judgment for plaintiff and overruling a motion for judgment at the conclusion of all the evidence. In its opinion, the trial court attempts to explain this apparent inconsistency by stating that, by reason of the stipulations and the undisputed facts, what formerly appeared as factual disputes at the hearing on the motion for summary judgment disappeared or, at least, no longer existed at the time of the motion for judgment *non obstante veredicto.* To reach this conclusion it appears the court must have weighed the evidence, which is reversible error so to do.

The factual question whether plaintiff had sustained an injury within the definition of injury contained in Section 4123.01, Revised Code, effective November 2, 1959, which substantially accelerated death, was a question for the jury.

The death certificate quoted, *supra,* tends to rule out any injury as contributing to the death, and the jury apparently thought so.

Exhaustive briefs have been furnished by both counsel, and the court has considered them carefully and concluded that the following citations were most pertinent to the decision of this case, to wit: *Industrial Commission* v. *O'Malley,* 124 Ohio St. 401; *McNees* v. *Cincinnati St. Ry. Co.,* 152 Ohio St. 269; *Toth* v. *Standard Oil Co.,* 160 Ohio St. 1; *Hearing* v. *Wylie, Admr.,* 173 Ohio St. 221; and *Thomas* v. *Keller, Admr.,* 9 Ohio App. 2d 237.

We, therefore, conclude that it was error prejudicial to the appellants for the trial court to grant the motion *non obstante veredicto,* and it was also error, in the alternative, to grant the motion for new trial.

The judgment is, therefore, reversed and this court, coming now to enter the judgment the trial court should have entered, hereby reinstates the jury verdict for de-

fendants and orders final judgment entered herein thereon.

*Judgment reversed.*

SHANNON, P. J., and HESS, J., concur.