HILL, APPELLEE, *v.* FRANKLIN ET AL., APPELLANTS.

(No. 354—Decided March 23, 1970.)

*Mr. Scott H. Ray, Jr.,* for appellee.
*Mr. Milton M. Bloom* and *Mr. Gordon C. Greene,* for appellants.

*Per Curiam.* This is an appeal upon questions of law from an order and judgment of the Court of Common Pleas of Warren County granting a motion for judgment notwithstanding the verdict and setting the cause for a new trial.

Plaintiff commenced this action to recover damages for personal injuries allegedly suffered by her in a vehicular accident on October 28, 1964. At that time, she was a passenger in an automobile which was struck from the rear by one operated by defendant.

The cause was submitted to the jury at the close of all the evidence, the trial judge instructing its members that:

"You are instructed that the defendant was negligent in this case. The issue you will decide is, did the defendant's negligence proximately cause injury or damage to the plaintiff, and if you find that it did, what is the amount of damage which the plaintiff sustained."

Thereafter, the jury returned a verdict in favor of the defendant.

Following journalization of the judgment entry, plaintiff filed motions for judgment notwithstanding the verdict

and for a new trial. The court found the motion for a new trial not to be well taken and overruled it. However, the court further found that:

"* * * the jury verdict was patently against the evidence, and that judgment notwithstanding the verdict should, and the same hereby is entered in favor of the plaintiff, as a matter of law, and this cause is ordered set for trial as to the amount plaintiff is entitled to receive from defendant for the injuries and loss sustained as a proximate result of defendant's negligence."

It is from such order and judgment that this appeal is taken.

We have examined the testimony of all witnesses, as contained in the bill of exceptions, in an effort to determine whether the issues were properly submitted to the jury. We are convinced, after such perusal, that the trial judge was correct in his refusal to give the special charge tendered by plaintiff that:

"You are instructed that Denver L. Franklin did negligently operate a 1963 Chevrolet in striking the rear of the vehicle in which Winona Hill was a passenger and that *as a direct and proximate result of such negligence Winona Hill has suffered injury and damage.*" (Emphasis ours.)

It is apparent that the trial judge reversed his position originally taken in refusing to charge the jury as specially requested.

In ruling on a motion for judgment notwithstanding the verdict, the court cannot weigh the evidence; in order to sustain such motion the evidence must be such that the trial court would have been required to direct a verdict for the party seeking such judgment *non obstante veredicto.* See *McNees* v. *Cincinnati Street Ry. Co.,* 152 Ohio St. 269, and *Dillon* v. *Young,* 118 Ohio App. 53. See, also, *Butts* v. *Keller,* 21 Ohio App. 2d 180.

In *Parm* v. *Patton,* 20 Ohio App. 2d 83, this court declared:

"Where the verdict of a jury is one clearly possible under the evidence produced and the law and the jury was fully and correctly instructed as to the law applicable upon

the evidence, it is error for the trial court to vacate the judgment and grant a new trial. Mere disagreement with the verdict of the jury does not warrant such action."

The same principle was applied in the case of *Holstein* v. *Brewer,* decided by this court on January 19, 1970 (Warren County, Nos. 348 and 349), and yet unreported.

In the case at bar, the jury was fully and correctly instructed and the verdict is one clearly possible under the evidence submitted to it. Therefore, we conclude that it was error prejudicial to defendant for the trial court to grant the motion for judgment *non obstante veredicto.*

The judgment is reversed and this court reinstates the jury verdict for defendant and the judgment entered thereon. Accordingly, final judgment is entered for defendant.

*Judgment reversed.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.