HOLSTEIN ET AL., APPELLEES, *v.* BREWER ET AL., APPELLANTS.

(Nos. 348 and 349—Decided January 19, 1971.)

*Messrs. Casper & Casper,* for appellees.
*Messrs. Bieser, Greer & Landis,* for appellants.

*Per Curiam.* These are appeals from judgments and orders of the Court of Common Pleas of Warren county granting motions for new trials in two cases which had been consolidated for trial.

On September 18, 1967, at approximately 9:30 p. m., Edith Phillips, who with her husband was plaintiff in one of the cases before us, was driving an automobile on a public thoroughfare in Warren county. Accompanying her as a passenger was Donna Holstein, plaintiff in the other case. Approaching from the opposite direction was a car driven by defendant Brewer. Following the Phillips' vehicle was one operated by defendant Cole.

Brewer's car crossed the centerline of the roadway and struck the car occupied by plaintiffs virtually headon. After this impact, Cole's car and the Phillips' vehicle came into contact. Cole contends that he had either stopped or was almost stopped when his car and that of Phillips came together, his testimony being that the force of the first collision drove the Phillips' car into his. Plaintiffs contend that Cole struck the Phillips' car. It is undisputed that the

right side of the Phillips' car and the front of Cole's car were in contact when all cars came to rest.

Both Edith Phillips and Donna Holstein suffered severe and extensive personal injuries, including impairment of memory.

After plaintiffs and defendant Brewer had rested in chief, defendant Cole moved for a directed verdict in his favor on the ground "that all of the evidence in the case" indicated that at the time of the impact "the Phillips' vehicle was moving backwards or towards the Cole vehicle and therefore, as a matter of law, the defendant Cole's assured clear distance was cut down." This motion was overruled, whereupon, the plaintiffs moved for a directed verdict against defendant Brewer. The court ruled that "the only positive evidence" was that Brewer's car was left of center and, accordingly, indicated that a verdict would be directed "both as to negligence and proximate cause, leaving the only question for the jury as to this defendant * * * to [be] the amount of damages sustained by the plaintiffs."

Cole proceeded with his defense and at its conclusion plaintiffs moved the court to direct a verdict against defendant Cole "for the reason that reasonable minds * * * [could] reach no other conclusion but that he violated the assured clear distance ahead rule and that said violation was a proximate cause concurrently with that of the defendant Brewer in causing the damage to the plaintiffs." The motion was summarily overruled.

The court charged specially as follows:

"No. 3. If you find by a preponderance of the evidence that the assured clear distance ahead of the automobile of the defendant, William Cole, was suddenly cut down and lessened, without his fault, by the automobile driven by Mrs. Phillips being struck by the automobile being driven by Mr. Brewer and forced backwards toward the defendant, Cole, which situation rendered the defendant Cole unable, in the exercise of ordinary care, to avoid colliding with the automobile of Mrs. Phillips, then there was no violation on the part of the defendant Cole of the rule of law which prohibits the operation of a motor vehicle at a

greater speed than will permit it to be brought to a stop within the assured clear distance ahead, and in that event your verdict must be for the defendant, Cole.

"No. 6. Members of the jury, I charge you that if you find that the automobile driven by William Cole was stopped at the time it came in contact with the plaintiffs' car, then I charge you that your verdict must be for defendant Cole, regardless of his speed or the distance he was following plaintiffs' car prior to the collision.

"No. 8. Members of the jury, I charge you that if you find that the sole cause of plaintiffs' injuries was the collision of Mrs. Phillips' car with that of the car driven by Mr. Brewer, then in that event you must return a verdict in favor of the defendant William Cole."

In the general charge, the court submitted the question of violation of the assured clear distance rule to the jury appropriately. In obvious recognition of the state of the evidence adduced, the court stated:

"However, if you find that a motorist's assured clear distance ahead was suddenly cut down, reduced, by the entrance of another car into his path or lane of travel and within such assured clear distance ahead then you are instructed that the assured clear distance rule does not apply."

The court also properly submitted the question of proximate cause in the event the jury found Cole to have been negligent.

Unanimously, the jury returned a verdict in favor of Donna Holstein against Brewer in the sum of $70,000, and a verdict in favor of Edith Phillips against Brewer in the sum of $40,000. Separate verdicts signed by nine jurors found the issues in both cases in favor of Cole.

Timely, plaintiffs filed motions for judgments notwithstanding the verdicts in favor of Cole and motions for new trials with reference to Cole only.

The court overruled the motions for judgments notwithstanding the verdicts. However, the motions for new trials were granted and it is from such judgments and orders that this appeal is taken.

A "decision" was filed by the trial judge setting forth

the basis for his granting new trials in which was stated the following:

"A study of the testimony indicates a direct conflict in the statement by the defendant, Cole, on cross-examination, when he testified that he stopped one car length back of the Phillips car and that his car was hit as the Phillips car pivoted, and the statement allegedly given by him to Patrolman Bicknell on the night of the accident to the effect that he was going 40 miles per hour shortly before the accident, that he saw an accident ahead of him and tried to stop, but slid into the Phillips car.

"The testimony of Betty Crouch, who testified she was an eyewitness to the entire incident confirms the version which the defendant, Cole, gave to the officer immediately following the accident.

"The jury had the benefit of all of this testimony and the opportunity to observe the witnesses. For this reason the Court is extremely reluctant to intervene and to impose the views of the Court as to the weight of the evidence in such a case. Nevertheless, in this instance the Court finds that the jury in this instance has returned verdicts which were against the weight of the evidence and that the plaintiffs are entitled to a new trial."

The practical difficulties in retrying the cases are immediately apparent. The judgments against the alleged joint tortfeasor, Brewer, remain unchallenged. Can the cases be retried without him? Are new juries to be advised of the verdicts returned against Brewer, and, if so, what effect shall such be given?

However, these vexing questions need not be answered here, if, indeed, they can be answered, because we believe that the trial court abused its discretion in concluding that the verdicts were against the weight of the evidence. *Poske* v. *Mergl*, 169 Ohio St. 70.

Careful examination of all of the testimony and exhibits discloses to us that there was substantial evidence adduced, which, if given credibility and weight by the triers of the facts, supports the verdicts. The jury, as instructed, was at liberty to believe Cole's version of the events giving

rise to the plaintiffs' claims. Conclusions that Cole was not negligent or that if negligent such negligence was not a proximate cause of injury to plaintiffs were possible in the premises. In fact, the trial court recognized the equivocal state of the evidence when it overruled the motion for directed verdicts against Cole and, instead, submitted the pertinent and critical issues to the jury.

If the court below was convinced that upon the facts before it and the law, reasonable minds could conclude only that Cole had violated the assured clear distance ahead rule and was, therefore, guilty of negligence per se, it should have so instructed the jury initially.

If, upon reflection after the return of the verdicts, the court reached that conclusion, then it seems equally apparent that judgment should have been granted notwithstanding.

The trial court was correct in its refusal to charge that Cole was guilty of negligence per se. That was for the jury to determine. The jury having answered the question of Cole's liability by determining either (a) that Cole was not negligent, or (b) if he was, that such was not a proximate cause of injury to plaintiffs, mere dissatisfaction with the verdicts will not suffice as grounds for setting them aside and ordering a retrial of the issues. See *Parm* v. *Patton*, 20 Ohio App. 2d 83.

Therefore, the judgments and orders of the Court of Common Pleas for Warren county granting motions for new trials are reversed and final judgment is entered for defendant Cole.

*Judgment accordingly.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.