{¶ 34} I respectfully dissent. The judgment entry of the trial court did not constitute a judgment of acquittal. The trial court specifically granted Snowden a new trial based on Crim. R. 33(A)(4), which states that a new trial may be granted if "[t]he verdict is not sustained by sufficient evidence or is contrary to law." In addition, both the form and the substance of Snowden's motion were based on Crim. R. 33(A)(4). "[A] pleading is judged, not by its title or form alone, but essentially by the subject-matter it contains. If the title is not descriptive of the subject-matter, it is the latter that determines the character of the pleading. Substance prevails over form." Wagner v. Long (1937), 133 Ohio St. 41, 47, overruled on other grounds, Klein v.Bendix-Westinghouse Automotive Air Break Co. (1968), 13 Ohio St.2d 85.
 {¶ 35} Despite the trial court's judgment entry granting Snowden a trial based on Crim. R. 33(A)(4), the majority is of the opinion that they are not required to reach the merits of this case, thereby surrendering this court's right of review. Such a review in the present case would be salutary, since the evidence overwhelmingly demonstrates that the trial court abused its discretion in finding that there was insufficient evidence to convict Snowden.
 {¶ 36} The majority supports their decision to avoid the merits of the case by claiming that Snowden's appeal was constitutionally barred by the Fifth Amendment's protection against Double Jeopardy. However, in the case law cited by the majority, the *Page 12 
court found that the Double Jeopardy implications were invoked in cases where the defendant's Motion for New Trial due to a finding of insufficient evidence was upheld. Conversely, I would deny Snowden's Motion for New Trial based on the sufficient evidence presented at trial which supported the jury's verdict. Double Jeopardy would only be implicated if the State were able to try Snowden a second time after a finding of insufficient evidence. In this case, Double Jeopardy is immaterial, as the State would not be granted the opportunity to retry Snowden because the original grant of a new trial was an abuse of discretion. Accordingly, the jury verdict should stand.
 {¶ 37} In order to meet the abuse of discretion standard, "the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted). "Where the verdict of a jury is one clearly possible under the evidence produced * * * and the jury was fully and correctly instructed as to the law applicable upon the evidence, it is error for the trial court to vacate the judgment and grant a new trial. Mere disagreement with the verdict of the jury does not warrant such action." Parm v. Patton (1969), 20 Ohio App. 2d 83, at syllabus.
 {¶ 38} The jury could, and did, reasonably infer from the evidence presented at trial that Snowden exceeded the expressed or implied consent of Haught, namely: Snowden spent the majority of Haught's money on personal items (including guns, pool supplies, gambling trips, and racecar equipment); had Haught not died in December 2001, she would have been left with little money; and finally, Attorney Thayer's testimony evidenced that Haught wanted control of her assets. The record also *Page 13 
contains sufficient evidence to support the finding that Snowden intended to deprive Haught of her property.
 {¶ 39} The judgment entry of the Ashtabula County Court of Common Pleas, granting Defendant's Motion for New Trial, should be reversed and the jury verdict finding Snowden guilty should stand. *Page 1