NGANGA, APPELLANT, *v.* COLLEGE OF WOOSTER ET AL., APPELLEES.

(No. 2414—Decided March 29, 1989.)

*William G. Rickett,* for appellant.
*Jack R. Baker,* for appellees.

MAHONEY, P.J. Appellant David Nganga was injured in an intramural soccer game while playing on the College of Wooster's intramural playing field. Nganga instituted this cause of action against an opposing team member, Eric Jacobsen, and also the College of Wooster. Based on the pleadings and Nganga's deposition testimony, the trial court granted summary judgment in favor of the College of Wooster. Nganga appeals from the decision. We affirm.

Facts

The College of Wooster runs an intramural soccer program. As part of this program, the College of Wooster provides administrative assistance and equipment, assigns playing fields and pays varsity soccer players to officiate the games. David Nganga is a student at the College of Wooster and a participant in its intramural soccer program.

On October 19, 1986, David Nganga was a member of an intramural soccer team named the "Custodians," which was playing the "Oats." The Oats team members, according to Nganga's testimony in his deposition, were known for their rough play. Nganga knew of the Oats' propensity to play rough and testified that the game at issue was rough.

During the game, Nganga received the ball and advanced it across midfield. Immediately after Nganga passed the ball, Oats team member Eric Jacobsen slide-tackled Nganga. Slide tackling is a method used to take the ball from an opponent. The impact of the slide tackle broke Nganga's left ankle.

Nganga instituted this cause of ac-

tion against Jacobsen on the theories of negligence and intentional tort and against the College of Wooster for negligence. Nganga alleged that the College of Wooster negligently failed to protect his safety in that it knew or should have known that some of the participants in the soccer matches, including Jacobsen, were tackling other players in violation of the safety rules.

The trial court granted partial summary judgment for the College of Wooster on the doctrine of primary assumption of the risk. Nganga assigns one error in this appeal:

### Assignment of Error

"The trial court erred as a matter of law, in awarding summary judgment to the appellee, College of Wooster, based on the doctrine of primary assumption of the risk."

Nganga contends that the trial court improperly granted summary judgment to the College of Wooster. In order to properly grant a summary judgment motion, a trial court must review the pleadings, deposition testimony, and other evidentiary materials and determine that:

"* * * (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

Nganga's allegations against the College of Wooster are based in negligence and essentially contend that the College of Wooster was negligent in its supervision of the game. In *Hanson* v. *Kynast* (1986), 24 Ohio St. 3d 171, 24 OBR 403, 494 N.E. 2d 1091, the Supreme Court of Ohio held that Ashland College was not liable, under the doctrine of *respondeat superior,* for the severe injuries sustained by an Ohio State University athlete and caused by an Ashland College athlete during a lacrosse game at Ashland College. Justices Holmes, Locher, Douglas and Wright concurred with the majority opinion, but did, by way of dicta, suggest the possibility of a cause of action for a college's negligent supervision of a sporting event. The concurring opinion, per Justice Holmes, stated as follows:

"In order to state a cause of action against a university for injuries caused by one of its athletes, one must, at the very least, allege negligent supervision, such as allowing a student with a known propensity towards violence to play or allowing a team to play when there is a total absence of management, or the athlete must be paid compensation for his services in such a way as to create a contract between the athlete and university. The pleadings here are not broad enough to include any such allegations, such allegations were not argued before the trial or appellate court, and no evidence was produced from which reasonable minds could conclude that there was a lack of supervision or known dangerous propensities on the part of Kynast. Thus, summary judgment was appropriate." *Id.* at 179, 24 OBR at 410, 494 N.E. 2d at 1098.

In the case before us, Nganga has alleged negligent supervision. In his deposition Nganga testified that the Oats intramural team was known for its rough play. Up to the time of injury, Nganga testified, however, he felt that the game had been safe, and that the officials had been calling fouls and he chose to continue playing. He did criticize the officials for not calling enough fouls against the Oats, but

when asked whether criticism of officials frequently occurred at athletic events, Nganga admitted that such criticism was, to some extent, part of the game.

Nganga also testified that he was experienced in the game of soccer and he often used the slide tackle to obtain the ball from an opponent. He stated that he was better than most players in such a move because he could slide tackle but leave the opponent standing. He admitted, however, that players of different talents are entitled to play and that injuries are more common among amateurs than among professional athletes.

We find that Nganga has failed to produce sufficient facts that would establish that, even if the College of Wooster had a duty to adequately supervise the game, it breached such a duty. Rather, Nganga demonstrated the presence of supervision because prior to his injury the game had, in his opinion, been safe. Nganga testified that he knew that the Oats played rough but he failed to establish any facts which would impute this knowledge to the College of Wooster. Further, the evidence shows the officials were calling fouls. Nganga failed to establish that the officials' failure to call a foul was the proximate cause of Nganga's injury. Under the theory of negligent supervision, Nganga has failed to establish that any genuine issues of material fact remain to be litigated.

The trial court based its decision on primary assumption of the risk, holding that soccer is a high-contact sport and that Nganga knowingly assumed the risks of his injury. In *McElhaney* v. *Monroe* (Feb. 1, 1989), Summit App. No. 13434, unreported, this court[1] applied the doctrine of primary assumption of the risk and held that a participant in a tackle football sporting event could seek redress only for injuries resulting from the reckless or intentional conduct of another participant. As the intensity of the different contact sports elevates, the odds increase that injury may occur. The player, then, assumes the ever increasing risk by choosing to continue his participation in a high-contact sport. The injury sustained by Nganga was a reasonably foreseeable consequence of his decision to assume the risks of the game and continue his participation in the high-contact sport of soccer. *McElhaney* v. *Monroe, supra.* (But, see, *Thompson* v. *McNeil*■ (Mar. 1, 1989), Summit App. No. 13647, unreported, where this court chose, under the facts of the case, not to apply *McElhaney* to the non-contact sport of golf.)

Viewing the evidence in the light most favorable to Nganga, we find that reasonable minds can come to but one conclusion and that conclusion is adverse to Nganga. Accordingly, we overrule this assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.

---

[1] The writer of this opinion was not a member of that panel. However, Judges Quillin and Baird were. Judge Baird was author of the majority opinion and Judge Quillin dissented.