**Brown v. Day**
*[Cite as 5 AOA 380]*

*Case No. CA90-01-001*
*Clinton County, (12th)*
*Decided July 9, 1990*

*Joseph H. Dennis, P. O. Box 70, 245 North South Street, Wilmington, Ohio 45177, and Robert K. Hendrix, P. O. Box 267, Xenia, Ohio 45385, for Plaintiff-Appellant.*

*Marshall L. Clark, Miller, Finney & Clark, 20 King Avenue, P.O. Box 610, Xenia, Ohio 45385, for Defendants-Appellees.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Clinton County Court of Common Pleas, transcript of proceedings, briefs and oral arguments of counsel.

Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App. R. 12(A) as follows:

On November 6, 1986, plaintiff-appellant, Charles Edwin Brown, Jr., was a member of the Wilmington College soccer team that played defendant-appellee, Tiffin University. During the final minutes of the match, defendant, Neil Day, a player from Tiffin, ran up from behind Brown and knocked him to the turf. With Brown sitting on the ground and play continuing elsewhere, Neil Day kicked him in the mouth with his right knee. The impact of the kick fractured Brown's jaw.

Brown instituted this cause of action seeking compensatory and punitive damages against Neil Day for assault and battery. Additionally, the cause of action alleged that Tiffin University and its coach, Ian Day, were negligent in failing to control and prevent Neil Day from causing injury to Brown.

Appellees Ian Day and Tiffin University filed a motion for summary judgment. In an opinion and judgment entry dated August 5, 1988, the trial court granted the motion finding no genuine issue of material fact concerning appellees' liability. Brown appealed the order to this court and the matter was remanded back to the trial court since there was not an appealable order. Upon remand, the trial court, on January 8, 1990, again entered judgment in favor of appellees Ian Day and Tiffin University.

Brown appealed in a timely manner and submits a single assignment of error which states:

"The trial court erred to the prejudice of plaintiff-appellant in granting defendants-appellees' motion for summary judgment when there were genuine issues of material fact present to be determined."

The issue presented to this court is whether the trial court's dismissal of Ian Day and Tiffin University from these proceedings by summary judgment was appropriate. In deciding whether to grant a motion for summary judgment, the trial court must look at the evidence most favorably to the non-moving party and determine "*** (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. ***." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66.

Brown's allegations are based in negligence and contend that both Tiffin University and Ian Day were negligent in supervision of Neil Day and that Tiffin University was negligent in its management of the sports program. In *Hanson v. Kynast* (1986), 24 Ohio St. 3d 171, the Ohio Supreme Court ruled that under the doctrine of *respondeat superior,* Ashland College was not responsible for the injuries one of its athletes caused to an opposing player during an intercollegiate lacrosse match. It was alleged that the college was accountable for the actions of its athlete due to the existence of a principal-agent relationship. In dismissing the action against the college, the court found that the requisite amount of control needed to establish agency did not exist.

However, in a concurring opinion, Justice Holmes suggested that a college or university could be held accountable for the actions of its athletes under a theory of negligent supervision. To successfully state such a cause of action, Justice Holmes wrote that the party must:

"[A]t the very least, allege negligent supervision, such as allowing a student with a known propensity towards violence to play or allowing a team to play when there is a total absence of management \*\*\*." *Id.* at 179. Summary judgment was appropriate in *Hanson,* Justice Holmes reasoned, since there was a failure to produce evidence showing a lack of supervision, or known dangerous propensities, of the injuring player.

In the case at bar, Brown alleged that both Tiffin University and its coach, Ian Day, were negligent in supervising and controlling Neil Day. Specifically, Brown asserts that both Tiffin and Ian Day knew of Neil Day's propensity toward violence and nevertheless allowed him to play. To support this contention, Brown submitted affidavits from Wilmington's soccer coach, several Wilmington players and a soccer official. Each affidavit states conclusory opinions on Tiffin's aggressive style of soccer and Neil Day's reputation for poor sportsmanship. More importantly, there was no evidence in the affidavits that in prior intercollegiate soccer matches, Neil Day committed spontaneous, violent acts similar to his outburst in the Wilmington game.

To avoid summary judgment, the party opposing the motion must set forth specific facts showing that a genuine issue for trial exists. In this case, viewing the evidence favorably to Brown, his unsupported allegations are not enough to defeat summary judgment. Brown's failure to cite prior examples of Neil Day's violent behavior precludes imputing knowledge of that behavior to Tiffin and Ian Day. Accordingly, no genuine issue of material fact exists under the theory of negligent supervision.

Our decision is in accord with the reasoning of the Wayne County Court of Appeals in *Nganga v. The College of Wooster* (Mar. 29, 1989), Wayne App. No. 2414, unreported. In that case, a player alleged that the College of Wooster was negligent in the supervision of an intramural game after sustaining an injury caused by the opposing team's rough play. Employing the test articulated by Justice

Holmes in *Hanson,* the court affirmed the trial court's decision to grant summary judgment for the college. No genuine issue of material fact existed, among other reasons, where the injured player failed to present evidence imputing knowledge of the opposing team's rough play to the college. In the case at hand, Brown, likewise, failed to present evidence showing that Tiffin University and Ian Day had prior knowledge of Neil Day's propensity for violent outbursts. Mere allegations of unsportsmanlike conduct do not rise to the level of imputing knowledge to a coach or college of an athlete's propensity towards violent behavior. Absent a showing of such knowledge by Tiffin and Ian Day, no genuine issue of material fact exists. Viewing the evidence in the light most favorable to Brown, reasonable minds could only conclude that Brown presented no case of negligence against Tiffin University and Ian Day. Accordingly, we overrule the assignment of error and affirm the decision of the trial court.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clinton County Court of Common Pleas for execution upon this judgment.

Costs to be taxed in compliance with App. R. 24.

And the court being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App. R. 27.

To all of which the appellant, by his counsel, excepts.

JONES, P.J., HENDRICKSON and YOUNG, J.J., concur.