DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant, Kristine Bentley, brought a tort claim for an injury that she sustained during a high school soccer game. Kristine appeals from the Summit County Court of Common Pleas' grant of summary judgment in favor of defendant-appellee, Eleanor Boxler ("Ellie"). We affirm.
On September 12, 1994, Kristine and Ellie played in a varsity soccer game between Cuyahoga Falls High School and Green High School. Both Kristine and Ellie have played soccer for many years. Kristine is a forward for the Green High School team, and Ellie is a goalkeeper for the Cuyahoga Falls High School team. When the game was tied three to three with approximately twelve minutes remaining, the soccer ball was kicked from the Green High School goal side of the field into the Cuyahoga Falls High School goal side of the field and landed between Kristine and Ellie. Both Kristine and Ellie started running toward the ball. Kristine chipped the ball. Two seconds after Kristine chipped the ball, Ellie collided with Kristine. Ellie was performing a slide tackle. Kristine took three running steps after chipping the ball before Ellie made contact with Kristine. Kristine suffered a broken fibula and tibia just above the ankle.
Kristine and her parents filed a complaint against Ellie, Ellie's parents, the soccer coach, and the Cuyahoga Falls Board of Education. They alleged reckless conduct on the part of Ellie and reckless coaching and supervising on the part of the soccer coach and the board of education. The defendants moved for summary judgment. Over Kristine's objection, the Summit County Court of Common Pleas granted summary judgment in favor of Ellie and concluded that the claims against the other defendants were moot.
Kristine now appeals the trial court's granting of summary judgment in favor of Ellie and raises one assignment of error.
 ASSIGNMENT OF ERROR
The trial court erred in disposing of this case by summary judgment when material issues of fact remained.
Kristine alleges that the trial court erred by granting summary judgment in favor of Ellie. Kristine asserts that the trial court was reluctant to apply the clear rule of law, failed to consider substantial amounts of evidence tendered by Kristine, construed all conflicts of facts against Kristine, and resolved all questions of credibility in favor of Ellie. Kristine claims that there were material issues of fact regarding whether Ellie's conduct was reckless. She further contends that because Ellie performed an "illegal" slide tackle that resulted in Ellie being red-carded and thrown out of the game, Kristine proffered evidence that should have been submitted to a jury for a determination of whether reckless conduct occurred.
Pursuant to Civ.R. 56(C), summary judgment is proper if it can be established that (1) no genuine issues of material fact exist to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to only one conclusion. State ex rel Howard v. Ferreri (1994),70 Ohio St.3d 587, 589. Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686. Because only legal questions exist, no deference is to be afforded the trial court upon a review of an entry of summary judgment. Lorain Cty. Bd. of Commrs. v. United StatesFire Ins. Co. (1992), 81 Ohio App.3d 263, 267. Therefore, we review the matter de novo. Pennsylvania Lumbermens Ins. Corp. v.Landmark Elec., Inc. (1996), 110 Ohio App.3d 732, 743. We will first set forth the substantive law of recklessness in the context of sporting and recreational activities. We will then address whether the parties met their respective burdens for summary judgment.
The Ohio Supreme Court has held that a recklessness analysis should be the same for an organized "official" game as for a backyard children's game. Marchetti v. Kalish (1990), 53 Ohio St.3d 95,98. The Ohio Supreme Court has defined recklessness in the sporting and recreational activity context as the following:
 The actor's conduct is in reckless disregard of the safety of others if he does an act * * * knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent. * * * What constitutes an unreasonable risk under the circumstances of a sporting event must be delineated with reference to the way the particular game is played, i.e., the rules and customs that shape the participants' ideas of foreseeable conduct in the course of a game.
Thompson v. McNeill (1990), 53 Ohio St.3d 102, 104-06, citing Restatement of the Law 2d, Torts (1965) 587, Section 500, and Restatement of the Law 2d, Torts (1965) 86, Section 50, Comment b. See Schuster v. Gereke (Oct. 1, 1997), Lorain App. No. 96CA006625, unreported, at 4. See, also, Domanick v. Revlok (June 9, 1994), Cuyahoga App. No. 65641, unreported, 1994 Ohio App. LEXIS 2509, *14.
In Domanick, supra, the court noted, "we cannot say that [defendant] created an unreasonable risk of physical harm to [plaintiff] when his conduct is considered in light of the rules and customs which shaped the players' ideas of foreseeable conduct." Id. at *17-18. The court concluded that wild pitches during the warm-up period before a baseball game were foreseeable.Id. at *17. In a case of a football injury, this Court concluded:
 Tackle football is a high contact sport. The risk is great that a player could be injured while participating in the sport. The higher risk present in the game reduces the duties the players have not to engage in conduct creating risks of injury. From the evidence presented to the trial court, we find that [the plaintiff's] injury resulted from a tackle that occurred due to the nature of the contact sport of football and not due to any recklessness on the part of [the defendant].
McElhaney v. Monroe (Feb. 1, 1989), Summit App. No. 13454, unreported, at 9. The injury in the McElhaney case was sustained during a pick-up tackle football game where one player committed a "rough" tackle by placing his hands on the injured player's shoulders and pulling the injured player down so that the injured player landed on him. Id. at 2. We now turn to whether Kristine and Ellie met their burdens for summary judgment.
The moving party "bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. See, also, Vahila v. Hall (1997), 77 Ohio St.3d 421,429; Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134,145.
Ellie pointed to Kristine's deposition and demonstrated that no genuine issue of material fact existed regarding her conduct being foreseeable in light of the nature of a soccer match. Kristine admitted the following in her deposition:
 Q: So you agree a person can attempt to execute a slide tackle, intend to get the ball, and miss completely, even though they weren't intending to miss the ball, and even though they weren't reckless in the way they initiated the slide tackle?
A: Yes.
 Q: And you yourself have been in that same situation.
A: (Witness nods head up and down.)
 Q: It is indeed a foreseeable part of the game that a person might attempt to initiate a slide tackle and misses the ball.
A: Yes.
 Q: Not because they're reckless, but just because either they weren't real good at it or the ball moved, or you name it. 100 things could have happened.
A: Yes.
 Q: And you recognize that foreseeable consequence as something that could occur if a player was using a slide tackle during a game, correct?
A: Yes.
* * *
 Q: And that was also a foreseeable part of the sport that you knew about and accepted when you were playing games that there would be times that the players may try to stretch the rules, so to speak, and that was foreseeable.
A: Yes.
 Q: So you knew you were getting into that possible type of situation any time you stepped on the field, correct?
A: Yes.
* * *
 Q: It's true, is it not, that there is contact between players when they play soccer, either body to body, or foot to foot, or knee to knee, ankle to ankle, correct?
A: Yes.
 Q: And it does happen. And when you got on the soccer field dating as far back as kindergarten, you knew if you played the game, there would be contact or could be contact, correct?
A: Yes.
 Q: And you accepted that as being part of the game, correct?
A: Right.
 Q: And you knew along with that contact that there might be an injury that resulted.
A: Yes.
 Q: And you also knew that the injury could also occur just as part of the game, correct?
A: Yes.
The above excerpts from Kristine's deposition show that Kristine was aware that having her legs knocked out from under her from a slide tackle, even one which qualified for a red card penalty in the rules of soccer, was a foreseeable occurrence when playing a soccer game.
Once the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is, indeed, a genuine issue for trial.Anderson v. Liberty Lobby, Inc. (1996), 477 U.S. 242, 256,91 L.Ed.2d 202, 217; Vahila v. Hall, supra, at 429. The nonmoving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute." 60 Street Corp. v. Alexander, (C.A. 6, 1987), 822 F.2d 1432, 1435. Where the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which it has the burden of proof, summary judgment is appropriate. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 324,91 L.Ed.2d 265, 273.
Kristine claims that because the referee red-carded Ellie and threw Ellie out of the game, Kristine proffered evidence supporting the elements of reckless conduct. Kristine argues that because Ellie violated a rule of soccer and made contact with Kristine two seconds after Kristine chipped the ball and took three running steps, Kristine did not assume the risk of having her legs knocked out from under her from a slide tackle. Kristine also contends that such an occurrence was unforeseeable. However, Kristine must show that having her legs knocked out from under her by a slide tackle made by a player two seconds after Kristine chipped the ball away and took three running steps was unforeseeable in light of the nature of a soccer game.
Kristine avers that Ohio law supports the proposition that a player who has violated a rule created for the purpose of safety has created an unreasonable risk and thus has been reckless. SeeThomson v. McNeill, 53 Ohio St.3d at 105; Sicard v. University ofDayton (1995), 104 Ohio App.3d 27, 31. However, the violation of a safety rule applies only to the determination of what may be an a unreasonable risk, which is only one part of the recklessness analysis. See Thomson v. McNeill, supra, at 105. In deciding whether recklessness occurred, the Ohio Supreme Court considered whether the specific conduct was both within the rules and foreseeable. Thompson v. McNeill, supra, at 106. Ohio law has not abandoned an inquiry into foreseeability.
When we construe the facts as Kristine has presented them, we find that Kristine has failed to demonstrate that a genuine issue of material fact exists regarding whether being knocked down by a slide tackle two seconds after kicking a ball and taking three running steps was foreseeable in light of the physical nature of the sport of soccer. Therefore, no genuine issues of material fact exist regarding whether Ellie was reckless in the context of a sporting activity. Viewing the facts in a light most favorable to Kristine, we find that reasonable minds could only conclude that having her legs taken out from under her was not an unreasonable risk in light of the foreseeable conduct of a soccer game.
We overrule Kristine's assignment of error. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _________________________________ LYNN C. SLABY
FOR THE COURT
REECE, J.
DICKINSON, J.
CONCUR