OPINION
On July 4, 1996, appellant, Christopher Sebasta, attended a Fourth of July party at the home of appellees, John and Marsha Holtsberry. Said home was located on Buckeye Lake in Licking County, Ohio. Appellant was friends with the Holtsberry's daughter, appellee, Jessica Holtsberry. Appellant was eighteen years old and Jessica was seventeen.
During the course of the party, Jessica received permission from her father to take a boat out. Accompanying Jessica were appellant and several friends, including appellee, Nicholas Flores. The group went to another home on Buckeye Lake, this one belonging to Nicholas's grandparents. While at this home, the group took an inner tube and rope to go "tubing," an activity whereby an individual rides on an inner tube while being pulled by a boat. Appellant tied the rope to the boat and the tube using bowline knots. During appellant's turn on the tube, the rope broke at the knot attached to the tube. Nicholas retied the rope using a bunch of knots. Appellant resumed riding the tube. Thereafter, the rope became untied from the tube. Again, Nicholas retied the rope using a bunch of knots. Appellant stopped riding the tube and rode in the boat while Nicholas took a turn. As the boat started to pull the tube, the rope detached from the tube and snapped toward the boat, striking appellant and causing serious injury to his left eye.
On July 2, 1998, appellant filed a complaint against appellees, including Nicholas's parents, Reynaldo and Patricia Flores. Appellant claimed negligence, operation of a boat in violation of R.C. 1547.07, negligent entrustment, negligent supervision and liability to a social guest. On October 29, 1999, appellees filed motions for summary judgment. By memorandum of decision filed January 13, 2000, the trial court granted the motions for summary judgment, finding appellant primarily assumed the risks associated with tubing and the conduct of Jessica and Nicholas was not reckless. A judgment entry memorializing this decision was filed on January 26, 2000.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED BY FAILING TO CONSIDER APPELLANTS STATUS AS A SOCIAL GUEST AND, AS SUCH, HIS CAUSES OF ACTION BASED ON NEGLIGENCE, NEGLIGENT ENTRUSTMENT, AND NEGLIGENT SUPERVISION.
II
 THE TRIAL COURT ERRED BY CONCLUDING THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT CONCERNING WHETHER THE ACTIONS OF APPELLEES WERE RECKLESS.
I, II
Appellant claims the trial court erred in failing to consider his status as a social guest on his claims of negligence, negligent entrustment and negligent supervision, and in concluding there were no genuine issues of material fact as to recklessness. We agree in part.
This case was resolved via summary judgment. Summary judgment motions are to be resolved under the mandates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio inState ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
By memorandum of decision filed January 13, 2000, the trial court granted summary judgment to appellees finding appellant primarily assumed the risks associated with tubing. In support, the trial court cited the case of Marchetti v. Kalish (1990),53 Ohio St.3d 95, wherein the Supreme Court of Ohio held the following at syllabus:
 Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d.
The trial court went on to discuss reckless conduct as no intentional conduct had been alleged. The Marchetti court at fn. 2 defined "reckless" as follows:
 `The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' Restatement of Torts 2d, Section 500.
After a lengthy discussion on the issue of recklessness, the trial court found the conduct of Jessica and Nicholas was not reckless. Upon review, we agree with the trial court's clear and concise analysis. There was no showing of reckless conduct by Jessica and Nicholas as outlined in the trial court's memorandum of decision. Because there was no recklessness, there was no liability based on negligence pursuant to Marchetti. A discussion on appellant's status as a social guest on this claim was not warranted. The granting of summary judgment to Jessica and Nicholas was proper.
However, an injured individual may still pursue causes of action for negligent entrustment and negligent supervision where the facts allow. See, Kline v. OID Associates, Inc. (1992),80 Ohio App.3d 393; Baker v. Groetz (November 9, 1992), Stark App. No. CA-8845, unreported. Under the doctrine of negligent entrustment, a parent can be held liable in negligence when the parent entrusts his/her child with an instrumentality which, because of the child's immaturity or lack of experience, may become a source of danger to others. Gulla v. Straus (1950),154 Ohio St. 193; Darwish v. Harmon (1992), 91 Ohio App.3d 630. A parent may also be liable for negligent supervision when the parent fails to exercise proper parental control over his/her child, and the parent knew, or should have known from his/her "knowledge of the habits or tendencies of the child, that the failure to exercise such control posed an unreasonable risk that the child would injure others." McGinnis v. Kinkaid (1981),1 Ohio App.3d 4, 9.
In the case sub judice, it is undisputed Mr. Holtsberry gave Jessica permission to operate the boat with the group on board. John Holtsberry depo. at 15, 17; Jessica Holtsberry depo. at 22. However, there is contradictory testimony as to whether or not Mr. Holtsberry was aware of the group's idea to go tubing. Mr. Holtsberry stated the group "wanted to go over to Nick's grandparents' house because they didn't have their suits. They wanted to pick them up." John Holtsberry depo. at 15. Mr. Holtsberry expected the group was going to go swimming. Id. at 16. Appellant claimed a discussion was had "about going to get Nick's tube from the property" and said discussion was held in front of Jessica's parents. Sebasta depo. at 28. It is undisputed Jessica had never been tubing before, had no experience pulling a tuber and had never received any instruction on pulling a tuber. John Holtsberry depo. at 23; Jessica Holtsberry depo. at 25, 28-29, 36. Jessica had received informal boating instruction from her mother and through books. Jessica Holtsberry depo. at 46-47. Jessica never formally took boating instruction, boating safety or water safety. Id. at 46.
Based upon Jessica's age, lack of boating/tubing experience and lack of formal boating/tubing instruction, coupled with the presence of a peer group and the lack of observation and monitoring of the group's activities, we find that when construing the evidence most favorably to appellant per Civ.R. 56, reasonable minds could differ as to whether appellees John and Marsha Holtsberry were negligent in their entrustment and supervision of the boat to Jessica. Upon review, we find the trial court erred in granting summary judgment to appellees John and Marsha Holtsberry on appellant's claims for negligent entrustment and negligent supervision.
We note appellant's assignments and accompanying arguments make no effort to reverse the grant of summary judgment to Mr. and Mrs. Flores. Upon review, we find the granting of summary judgment to Mr. and Mrs. Flores was proper.
Assignment of Error I is granted in part and denied in part. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed in part and reversed in part.
By Reader, V.J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally, one-half paid by appellant and one-half paid by appellees John and Marsha Holtsberry.