OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, sustaining the motion for summary judgment filed by defendant-appellee, O.C.C.H.A., against plaintiff-appellant, David L. Rodriguez.
As part of a community diversion program, the Mahoning County Juvenile Justice Center sponsored a touch football league. Appellee was one of the teams that participated in the league. Appellant was a player for appellee's team. On or about October 19, 1996, a touch football game was played between appellee and the Bulls, another league team. During the game, the players engaged in "trash talk" by openly expressing verbal hostilities. At or near the end of the game, a fight broke out between members of the two teams. In the course of the fight, appellant was struck by Jermaine Stroughter (Stroughter), a player for the Bulls. As a result, appellant sustained injuries to his face.
Appellant filed a complaint with the trial court against Edward Sekula of the Mahoning County Juvenile Justice Center, Stroughter, Stroughter's parents and appellee. Stroughter and his parents did not enter an appearance in this case. Edward Sekula filed a motion for summary judgment which was sustained by the trial court. Appellant has not appealed that ruling. Appellee also filed a motion for summary judgment which was sustained by the trial court. It is from such decision that the within appeal emanates.
Appellant has not set forth any specific assignments of error. Instead, appellant essentially argues that genuine issues of material fact exist, thereby precluding an award of summary judgment, with regards to third party liability in a sports and recreational setting, and appellee's liability concerning negligent supervision.
Appellant insists reasonable minds could conclude that appellee's coach, Ramon Cuevas (Cuevas), was reckless. He contends that a reasonable coach would have or should have known there was a strong probability that his injuries were likely to occur. Additionally, appellant argues that a trier-of-fact could conclude that Cuevas was negligent in his supervision. Appellant maintains that Cuevas allowed his team to be exposed to open hostility throughout the touch football game. Therefore, appellant concludes that the trial court improperly sustained appellee's motion for summary judgment.
In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a denovo review of the record. Sethi v. Antonucci (1998), 126 Ohio App.3d 382, citing Renner v. Derin Acquisition Corp. (1996),111 Ohio App.3d 326. Summary judgment is governed by Civ.R. 56(C), which states, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.Welco Industries, Inc. v. Applied Companies (1993),67 Ohio St.3d 344, 346; Civ.R. 56(C).
The Ohio Supreme Court in Dresher v. Burt (1996), 75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court in Dresher, supra further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial.
In recreational sporting events, participants may be held liable if they cause injury through reckless or intentional misconduct. Marchetti v. Kalish (1990), 53 Ohio St.3d 95, 99-100. Reckless misconduct requires that an individual consciously choose a course of action, either with knowledge of the serious danger to others involved or with knowledge of facts which would disclose this danger to any reasonable man. Marchetti, supra. Non-participants involved in the game may be held to the same standard as participants unless there is evidence of negligent supervision. Kline v. OID Associates, Inc. (1992), 80 Ohio App.3d 393,395-396. To successfully state a cause of action under the theory of negligent supervision, the party must produce evidence such as a defendant allowing a player with a known propensity toward violence to play or allowing a team to play when there was a total absence of management. Kline, supra.
In support of his contention that a question of material fact remained as to whether Cuevas' conduct was reckless, appellant suggests that Cuevas admitted in his affidavit that he was a witness to open hostilities between the two teams. In fact, Cuevas stated that during the game, "there was some trash talk going on but there were no physical confrontations of any kind." (Ramon Cuevas Affidavit, 2). The only additional evidence offered by appellant to support his proposition was appellee's memorandum in support of summary judgment. Said memorandum indicated that the only apparent hostility was "trash talk." Appellant maintains that a trier-of-fact could have concluded that Cuevas' actions in allowing his team to play under such circumstances amounted to reckless misconduct.
Appellant's argument is not well-taken. In athletic events, "trash talk" is likely and known to occur. It can be said that attempting to "psyche out" a team's opponent is part of the game. As such, appellant has failed to produce evidence which would enable a trier-of-fact to conclude that appellee engaged in intentional or reckless misconduct.
Likewise, a trier-of-fact could not have found appellee liable for negligent supervision. In order to establish actionable negligence, appellant must have shown the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners Shirt Laundry Co.
(1998), 81 Ohio St.3d 677, 680. To overcome a properly supported motion for summary judgment on a negligence claim, a plaintiff must identify a duty owed to him by the defendant. Nearor v.Davis (1997), 118 Ohio App.3d 806, 812. Such duty is to exercise reasonable care to avoid foreseeable injury. Nearor, supra. Injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone. Nearor,supra at 813. Merely a participant in the league, appellee was not responsible for the organization or supervision of the game. Appellant has not identified any duty he was owed by appellee. Moreover, based upon appellant's allegations, the injuries he sustained were not foreseeable; appellee had no reason to know, nor should have known, that Stroughter would assault appellant. Furthermore, reasonable care does not require a team's refusal to compete against another team who is making unwelcome comments.
In Kline, supra, the appellate court noted two instances in which a cause of action for negligent supervision may lie. First, a non-participant to a recreational sporting event may be found liable if he or she allowed a player with a known propensity toward violence to play. Kline, supra at 396. There is no indication that this happened in the case at bar. A second approach by which appellant could assert a valid claim for negligent supervision is to show that appellee allowed its players to participate when there was a total absence of management.Kline, supra at 396. Appellant did not allege sufficient facts to support such a finding. Again, he refers only to Cuevas' affidavit and appellee's memorandum in support of summary judgment, referring to "trash talk" between the teams. Additionally, appellant suggests that appellee did not immediately halt the altercation once it began. Even if these allegations were true, appellant has not alleged sufficient facts to show that there was a total absence of management. Kline, supra at 396.
In light of the foregoing, there remains no genuine issue of material fact to be decided in this case and the trial court properly granted summary judgment in favor of appellee.
The judgment of the trial court is affirmed.
DONOFRIO, J., VUKOVICH, J., concurs.