OPINION
This timely appeal arises from a Judgment Entry of the Court of Common Pleas of Carroll County granting summary judgment to Jud and Tammy Smoot ("Appellees") in a negligence cause of action. Lake Shaner ("Appellant") was injured while riding a dirt bike on Appellees' property. Appellant argues that summary judgment should not have been granted because the immunity extended by Ohio's recreational user statute, R.C. § 1531.181, does not apply to residential property and because the doctrine of primary assumption of the risk does not apply to the facts of this case. For the following reasons, the decision of the trial court must be affirmed.
On May 31, 1996, Appellant was visiting Appellees' home in Magnolia, Carroll County, Ohio. While Jud Smoot and Appellant were waiting for another friend to arrive to go fishing in a nearby pond, Appellant decided to take a dirt bike ride on Appellees' property. The property was partly wooded and partly cleared. There were numerous tree stumps scattered throughout the property. Although the property did have trails for riding dirtbikes, the parties dispute whether or not Appellant was on a trail when he was injured. Appellant hit a stump while riding the dirt bike, seriously injuring his right knee and tibia.
It is undisputed that Appellant had visited Appellees' property at least eight times prior to May 31, 1996. (Shaner Depo. 24), that he was aware that there were stumps on the property (Shaner Depo. 25). In fact, Appellant had ridden the same dirt bike on Appellees' property a few weeks earlier (Shaner Depo. 27, 34).
Appellant asserts that the stumps were hidden by tall grass, that he was never warned about the presence of the stumps and that Tammy Smoot admitted that she should have warned Appellant about the stumps. Appellant also maintains that the area in which he was riding was in the process of being cleared for conversion into Appellees' back yard and driveway. (Shaner Depo. 31). Appellant acknowledges that Appellees' property was a wooded lot. (Shaner Depo. 31).
On April 24, 1998, Appellant filed a personal injury complaint in the Stark County Court of Common Pleas. The case was transferred to Carroll County Court of Common Pleas on August 7, 1998.
On January 14, 1999, Appellees filed a Motion for Summary Judgment. Appellees argued that a plaintiff cannot recover for injuries sustained while engaging in recreational activities unless it can be shown that reckless or intentional acts occurred, citing Marchetti v. Kalish
(1990), 53 Ohio St.3d 95, 100. Appellees submitted that there was no evidence presented which could support a prima facie case of recklessness or intentional harm. Appellees also argue that R.C. § 1533.181, the recreational users statute, exempts them from liability for injuries sustained by a recreational user of their property. The trial court agreed with both of Appellees' arguments and granted them summary judgment on February 25, 1999. Appellant filed a timely appeal of that judgment entry on March 16, 1999.
Appellant asserts a single assignment of error:
 "The Trial Court erred in granting Appellees' Motion for Summary Judgment on all counts. (Judgment Entry filed February 25, 1999)."
Appellant's assignment of error can be broken down into two sub-issues. As our decision on only one of the sub-issues will completely determine the issue on appeal, we will address only that sub-issue.
An appellate court reviews de novo a trial court's decision to grant summary judgment. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. The reviewing court applies the same standard as the trial court, found in Civ.R. 56(C), to determine that: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
Summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essential elements of its claim. Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of syllabus, limited by Dresher v. Burt (1996), 75 Ohio St.3d 280, 285. Neither the reviewing court nor the trial court, "may weigh the proof or choose among reasonable inferences in deciding whether summary judgment should be granted." Perez v. Scripps-Howard Broadcasting Co. (1988),35 Ohio St.3d 215, 218.
Appellees were granted summary judgment, in part, based upon their argument that Appellant primarily assumed the risk associated with this activity at issue. Appellees point out that primary assumption of the risk negates a cause of action for negligence brought by a plaintiff who sustains injuries during a sporting or recreational event. Anderson v.Ceccardi (1983), 6 Ohio St.3d 110, 114. Primary assumption of the risk is a subcategory of assumption of the risk, which is defined as consent or acquiescence in an appreciated or known risk. Benjamin v. DeffetRentals, Inc. (1981), 66 Ohio St.2d 86, 89. Some aspects of assumption of the risk have merged into Ohio's comparative negligence statute, R.C. § 2315.19. Anderson, supra, at 113-114. Primary assumption of the risk has not merged with comparative negligence, however, because it involves a legal determination that no duty at all is owed by the defendant to the plaintiff. Id. at 114. As such, it is a complete defense to a claim of negligence.
The Ohio Supreme Court has held that, "[w]here individuals engage in recreational or sports activity, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Section 500 and 8A of the Restatement of Torts 2d."Marchetti, supra, 53 Ohio St.3d, at syllabus. Off-road motorcycling is a recreational activity. Lykins v. Dayton Motorcycle Club (1972),33 Ohio App.2d 269, 272. In an attempt to defeat the summary judgment action here, Appellant argues that Marchetti only applies to relieve co-participants in recreational activities of liability. Appellant argues that Appellees were not co-participants; they were merely the landowners.
Appellant also contends that, assuming arguendo non-participants are protected by the holding of Marchetti, there are material issues of fact in dispute as to whether Appellees' conduct in failing to warn of the tree stumps was reckless or intentional conduct.
Appellees respond that Marchetti does apply to non-participants, citing two cases in support. Whitaker v. Davis, (Jan. 27, 1997), Warren App. No. CA96-07-060, unreported; Kline v. OID Assoc., Inc. (1992),80 Ohio App.3d 393, 395. Appellees argue that the undisputed evidence in this case does not support a prima facie case of reckless or intentional harm. Appellees contend that Appellant's accusation, at best, supports a theory of negligence, and that such a claim is barred by Appellant's primary assumption of the risk of the ordinary danger posed by riding a motorcycle in tall grass. Appellees also cite to Appellant's own deposition testimony in which he stated that he knew there were stumps on the property even though he was not specifically told there were stumps in the area where he was riding. (Shaner Depo. 52).
Based on the record before us, summary judgment here was correctly granted to Appellees on this issue and was dispositive of this matter.
In attempting to persuade the Court that summary judgment was improper here, Appellant fundamentally misreads the syllabus of Marchetti. The Supreme Court stated that persons involved in recreational activities, typically referring to sporting events such as football or baseball games, assume the ordinary risks of the activity. Any recovery for injuries sustained in such activities must by definition arise from something other than an ordinary risk. The evidence, even when viewed in Appellant's favor, indicates that Appellant rode a motorcycle in high grass in an area that he knew had some tree stumps on it. The risk of hitting a tree stump is an ordinary risk of riding a motorcycle in such a location. Whether Appellees were participants or not, Appellant assumed the ordinary risk of riding the motorcycle under those conditions. Appellees cannot be liable for failure to warn of an ordinary risk assumed by Appellant regardless of the reasons for their alleged failure to warn.
Put another way, the failure to warn of an ordinary risk cannot be more stringently scrutinized than the risk itself. It would be similar to our refusing to allow recovery for actual injury caused by a foul ball during a baseball game (which is obviously an ordinary risk of attending or playing baseball), but allowing recovery because the owner of the baseball field did not warn spectators that foul balls are part of the game of baseball. The law does not require such an absurd result.
Since it can be determined on the record here that Appellees owed Appellant no duty to warn him of the ordinary risks associated with his recreational activity, and there are no material questions of fact outstanding in this matter, the trial court correctly granted Appellees summary judgment as a matter of law on Appellant's primary assumption of the risk. While the trial court also granted Appellees summary judgment based on the recreational user statute, R.C. § 1533.181, which limits the liability of owners of certain premises that are left open for recreational use, it is clear that once we have affirmed one of the trial court's reasons for its decision, we need not address the other. Appellant claims that he raised several issues of material fact as to the recreational user statute which requires a full hearing on this matter. Since summary judgment in favor of Appellees as to the issue of primary assumption of the risk is dispositive of the matter, whether or not there may be outstanding issues of fact remaining as to the recreational user sub-issue Appellees must still prevail in this matter. Any further analysis on our part would be merely advisory.
For all of the foregoing, Appellant's assignment of error is without merit and the decision of the trial court granting summary judgment to Appellees is affirmed.
DONOFRIO, J. and DeGENARO, J., concurs.